Prob. 12
(Mod. for E.VA 03/03)

# UNITED STATES DISTRICT COURT
for
EASTERN DISTRICT OF VIRGINIA




U.S.A. vs. Raheen Robinson Docket No. 3:96CR00085-002

Petition on Supervised Release

REDACTED

COMES NOW David J. Guertler, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Raheen Robinson, who was placed on supervision by the Honorable Robert E. Payne sitting in the Court at Richmond, Virginia, on the 21st day of April, 2000, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Attachment(s)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation:** Mr. Robinson has absconded and his whereabouts are unknown. He has outstanding warrants and a conviction for Drinking in Public. Mr. Robinson poses a flight and safety risk to the community.

**DOB:** 76
**SSN:**
**SEX:** Male
**RACE:** Black/Non-Hispanic

**ADDRESS:**
Fredericksburg, VA 22405
**PHONE:** 540-374-5580

****Offender may be in Philadelphia, PA**

ORDER OF COURT

Considered and ordered this 2d day of April, 2003 and ordered filed and made a part of the records in the above case.

Robert E. Payne
United States District Judge

Respectfully,

David J. Guertler
David J. Guertler
Senior U.S. Probation Officer

Place Richmond, Virginia

Date 4/01/03

**TO CLERK'S OFFICE**

OFFENSE: Count 1: Conspiracy to Traffic in Unauthorized Access Devices, 18 U.S.C. §§ 2, 371; and Counts 4 & 5: Trafficking in Unauthorized Access Devices, 18 U.S.C. §§ 2 & 1029(a)(2).

SENTENCE: Six months as to each of Counts 1, 4, and 5, all to be served concurrently, and 3 years supervised release as to each of Counts 1, 4, and 5, all to be served concurrently.

SPECIAL CONDITIONS:

1. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall make regular monthly payments towards the restitution imposed herein by making regular monthly payments immediately upon beginning serving of his term of supervised release as directed by the probation officer and said payments must in the sum of no less than 25% of the defendant's gross monthly income until said restitution is paid in full.

3. The defendant shall provide the probation officer with access to requested financial information.

4. The defendant shall pay special assessments of $150. Any unpaid balances of the special assessments imposed herein as directed by the Probation Officer.

5. The defendant shall participate in the General Educational Development Program and obtain his High School Equivalency Diploma during his term of supervised release.

ADJUSTMENT TO SUPERVISION: The defendant's adjustment to supervision has been poor. He is being supervised by Brent Keith, U.S. Probation Officer, Eastern District of Virginia, Alexandria Division. According to file information, a previous No Action Violation Report was filed with the Court on May 16, 2002. On August 5, 2002, a Grand Jury determined that the charge of Identity Fraud and Forging Public Records was not a true bill. However, on June 9, 2002, Mr. Robinson was convicted of Drinking in Public. More recently, in February 2003, Mr. Robinson has absconded. He has been charged with new criminal charges as listed below, moving without permission, and was terminated from his employment and failed to report this change to his Probation Officer. It has been reported that Mr. Robinson may be in Philadelphia, Pennsylvania. His whereabouts and address are unknown.

VIOLATIONS: The following violations are submitted for the Court's consideration.

MANDATORY CONDITION: COMMISSION OF A CRIME -PERJURY, DRIVING WHILE INTOXICATED, OBSTRUCTION JUSTICE, AND DRINKING IN PUBLIC.

Trooper Childs advised that on February 22, 2003, he conducted a traffic stop and subsequently arrested an individual claiming to be "Ricono Duane French" on the charges of Driving While Intoxicated, Defective Equipment, and Obstructing Justice. Trooper Childs indicated that the Obstructing Justice charge was filed as the individual attempted to escape from custody during the arrest. Trooper Childs advised that this individual provided identification indicating that he was in fact "Ricono Duane French." This individual was subsequently released pending arraignment for the above-indicated charges.

Prior to the scheduled trial date, Ricono Duane French reported to the State Police Barracks and met with Trooper Childs. During this meeting, Trooper Childs discovered that Mr. French was not the individual he had arrested on February 22, 2003. Further investigation revealed that the vehicle driven by the individual arrested belonged to the sister of Mr. French. The sister of Mr. French was allowing the defendant, Raheen Robinson, to drive this vehicle. Upon further investigation, Mr. French was able to positively identify the defendant as the individual Trooper Childs arrested on February 22, 2003.

Trooper Childs further advised that on March 7, 2003, he was contacted by the defendant. During this conversation, the defendant advised that he was currently staying in Philadelphia, Pennsylvania, and that he would "turn himself in" the following week. The defendant had not requested or received permission from the probation officer to go to Philadelphia. Trooper Childs advised that the defendant did not follow through on his promise, and the warrant for the defendant's arrest remains outstanding. The defendant has yet to contact the probation officer to advise of this arrest or of any other law enforcement contact since the date of his arrest.

Previously, on June 9, 2002, Mr. Robinson received a citation in Stafford County, Virginia, for the charge of Drinking in Public. On July 12, 2002, the defendant was found guilty in his absence.

CONDITION 1: **LEAVING THE JUDICIAL DISTRICT WITHOUT PERMISSION.**

On March 7, 2003, Mr. Robinson reported to Virginia State Trooper F.G. Childs that he was living in Philadelphia, Pennsylvania. Mr. Robinson left the Eastern District of Virginia without the permission of the Probation Officer.

CONDITION 6: **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN RESIDENCE AND EMPLOYMENT.**

Mr. Robinson failed to notify the Probation Officer within 72 hours of his change in residence and employment. He changed his residence on or about March 7, 2003, and did not notify the Probation Officer. Mr. Robinson changed his employment in February 2003 (specific date unknown), and did not notify the Probation Officer of this change.

**CONDITION 7: EXCESSIVE USE OF ALCOHOL.**

On June 9, 2002, Mr. Robinson was arrested in Stafford County, Virginia, and on July 12, 2002, he was found guilty of Drinking in Public. On February 22, 2003, Mr. Robinson was arrested for Driving Under the Influence.

**CONDITION 11: FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED AND QUESTIONED BY A LAW ENFORCEMENT OFFICER.**

On February 22, 2003, Mr. Robinson was arrested and/or questioned by the Virginia State Police but failed to report the contacts to the Probation Officer.

On March 7, 2003, Mr. Robinson was questioned by the Virginia State Police but failed to report the contacts to the Probation Officer.

DJG/vdh

cc: DCUSPO/SUSPO Somerville

FILED
JAN 23 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

UNITED STATES DISTRICT COURT

FOR

THE EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Raheen Robinson Docket No. 3:96CR00085-002

Addendum to
Petition on Supervised Release

MANDATORY CONDITION: WHILE ON SUPERVISION, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME

On November 15, 2007, the defendant was arrested and charged by the New Castle County Police Department, in New Castle, Delaware, with three counts of Endangering the Welfare of a Child-Knowingly Act in a Manner Likely to Injure and one count of Impersonating Another to Obtain Benefit or Defraud. The defendant is currently being held on a $2,000.00 bond and is scheduled for trial in New Castle Family Court on January 29, 2008. The defendant is also being detained on the bench warrant previously issued by this Court on April 2, 2003. Please reference the original petition filed with the Court on April 2, 2003.

ORDER OF COURT

Considered and ordered this 23rd day of January, 2008, that the petition previously issued be amended and that this Addendum be ordered filed and made part of the record in the above case.

Robert E. Payne
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/16/08

Brent D. Keith
U.S. Probation Officer

Place Fredericksburg, Virginia

BDK/vlh
cc: SUSPO

TO CLERK'S OFFICE